**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 09-61261-CIV-TORRES

JPMORGAN CHASE BANK, N.A.

      Plaintiff,

vs.

P.I.E. MORTGAGE, INC. and
VICTOR MIREA,

      Defendants.

_____/

## ORDER

This matter is before the Court on the pending motions in the case: Defendant's Motion for Summary Judgment [D.E. 58], Plaintiff's Motion for Partial Summary Judgment [D.E. 62], and Defendant's Unopposed Motion for Enlargement of Time to Complete Discovery [D.E. 94]. This case was referred to the undersigned for plenary jurisdiction by the consent of the parties [D.E. 75], following which a new scheduling Order was entered setting the case for trial on September 12, 2011.

1.     While the Court was reviewing the record and submissions in support of each party's motions for summary judgment, Defendant just filed the pending motion for extension of the non-expert discovery cutoff through May 1, 2011, citing good cause in the record and the parties' agreement. Specifically, Defendant cited the status of past discovery efforts and the discovery of a second mortgage issued by Chase and a purported assignment of the original mortgage note on the property. If true, these

facts may certainly bear to some extent on the issues now pending before the Court. Potentially, an assignment of the original note may also create standing issues not heretofore addressed.

2.      Moreover, upon the Court's overall review of the record, it is apparent that the parties' dueling motions for summary judgment were filed in anticipation of the then-existing scheduling Order, which has long since been mooted by the current scheduling Order issued by this Court.  The issues raised in the motion may very well be susceptible to different interpretations upon the completion of *all* discovery in the case, including the issues just now raised by the motion for extension.

3.      Though no party requested a Rule 56(d) postponement of consideration of the summary judgment motions, given the passage of time and the continuing nature of the litigation, the Court concludes in its discretion that it would be advisable for the Court to defer final consideration of the issues raised until completion of all relevant discovery in this case.  Indeed, as things stand now, both parties' motions appear to suffer from an incomplete record and unaddressed issues, which the parties may now be able to cure following completion of discovery.

4.      With respect to the motion for enlargement as to non-expert discovery, the Court agrees that good cause exists to modify the current scheduling Order in this respect.  Together with the Court's ruling on the summary judgment motions, this Order should allow the parties to be able to fully and completely present all issues to the Court that are viable on summary judgment by the new dispositive motion

deadline.  The denial of the pending summary judgment motions, obviously, is without prejudice to the same or similar issues being raised again at that time.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

A.  Defendant's Motion for Summary Judgment [D.E. 58] is **DENIED** with leave to renew.

B.  Plaintiff's Motion for Partial Summary Judgment [D.E. 62] is **DENIED** with leave to renew.

C.  Defendant's Unopposed Motion for Extension of Non-expert Discovery [D.E. 94] is **GRANTED**.  Notwithstanding the existing scheduling Order, the parties shall have until May 1, 2011, to complete all fact discovery in the action.  All other existing deadlines shall remain in place.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of March, 2011.

/s/  *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge